IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA MICHAEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-11-1294-D |
| ) | |
| JUSTIN JONES, DIRECTOR, O.D.O.C. ) | |
| and MILLICENT NEWTON-EMBRY, ) | |
| WARDEN, M.B.C.C., ) | |
| ) | |
| Respondents ) | |

**REPORT AND RECOMMENDATION**

Ms. Linda Michael seeks habeas relief for due process violations in prison disciplinary proceedings. In part, the Respondents move for summary judgment on grounds of timeliness.[1] The Court should grant the motion.

Background

Ms. Michael wrote a letter to a prison volunteer, which officials interpreted as a threat. *See* Petitioner's Brief in Support of 28 U.S.C. 2254 Writ of Habeas Corpus at ECF[2] pp. 4-5 (Nov. 3, 2011). The Petitioner was convicted of a disciplinary infraction for "menacing" on May 24, 2010. *See* Respondents' Dispositive Motion, Exh. 4 at ECF p. 14. She appealed

---

[1] The Respondents filed the motion as one for dismissal. *See* Respondents Motion to Dismiss Writ of Habeas Corpus with Brief in Support (Dec. 1, 2011) ("Respondents' Dispositive Motion"). But, the Court converted the Respondents' motion to one for dismissal or, in the alternative, for summary judgment. Order (Dec. 5, 2011).

[2] "ECF p. __" refers to the "CMECF" pagination.

through the administrative process and learned on June 21, 2010, that this effort was unsuccessful.[3]

Alleging denial of due process, Ms. Michael filed the habeas petition on November 1, 2011.[4]

## Construction of the Habeas Petition

Ms. Michael filed the habeas petition on a form used in cases arising under 28 U.S.C. § 2254. *See* Petition at ECF p. 1. But Ms. Michael is challenging a disciplinary conviction and the petition is actually governed by Section 2241, rather than Section 2254, of Title 28.[5]

## Standard for Summary Judgment

Federal statutes do not address the standard for summary judgment in habeas proceedings. Thus, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(4). Under this rule, summary judgment is necessary when the moving party shows the absence of a genuine dispute about a material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court evaluates the movant's showing by viewing the summary

---

[3] *See* Petitioner's Response to Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus at ECF p. 4 (Dec. 13, 2011) ("Petitioner's Response") (acknowledging receipt of the decision on the administrative appeal on June 21, 2010).

[4] The petition is deemed "filed" when Ms. Michael gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Petitioner verifies that date as November 1, 2011. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF p. 15 (Nov. 3, 2011) ("Petition").

[5] *See*, *e.g.*, *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (concluding that a state prisoner's challenge to a prison disciplinary conviction should be construed as a petition arising under Section 2241 rather than Section 2254).

judgment record in the light most favorable to the adversary. *See*, *e.g.*, *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## Timeliness of the Present Action

The habeas petition would be untimely even when the Court views the evidence in the light most favorable to Ms. Michael.

The limitations period is one year and began to run when "the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(D) (2006).

Ms. Michael admits that she became aware of the prison's decision to decline appellate relief on June 21, 2010. *See supra* pp. 1-2. Thus, the limitations period began to run no later than June 21, 2010.[6]

In appropriate circumstances, the limitations period may be tolled for equitable reasons. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in the Petitioner's way and prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Ms. Michael presents no argument which would implicate equitable tolling.

Tolling is also appropriate for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[6] *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (concluding that "§ 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting [the] administrative appeal becomes final" (footnote omitted)).

claim is pending." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2) (2006). But the habeas petition would remain untimely even with application of this statute.

In Oklahoma, inmates are allowed to seek judicial review of a disciplinary conviction within 90 days of being notified of the decision on a disciplinary appeal. *See* Okla. Stat. tit. 57 § 564.1(A)(1) (2011). Ms. Michael did not seek this form of judicial review. *See* Petition at ECF p. 6. Nevertheless, the Court may assume *arguendo* that a motion for judicial review would have tolled the statute of limitations and that the Petitioner would be entitled to tolling for the 90 days in which she could have sought review.[7] With that assumption, the period of limitations would have expired on September 19, 2011 — 43 days before she filed the present action.

The Petitioner's response could be read to suggest that the statute of limitations was tolled during her pursuit of a civil suit with similar claims. *See* Petitioner's Response at ECF p. 4. But the Court should reject such a theory. The civil rights complaint in federal court was not a "State" application for collateral review and would not toll the statute of limitations.[8]

---

[7] *See, e.g., Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that even when a petitioner does not take advantage of an avenue for relief under state law, "the limitations period is tolled during the period in which the petitioner could have sought [such relief]").

[8] *See Ball v. Fatkin*, Case No. CIV-02-1644-HE, slip op. at 3 (W.D. Okla. May 6, 2003) (unpublished op.) ("The court also concurs with the magistrate judge that the limitations period was not tolled by the petitioner's § 1983 lawsuit."); *see also Jernigan v. Franklin*, 2006 WL 2524236, Westlaw op. at 5 (N.D. Okla. Aug. 30, 2006) (unpublished op.) (rejecting the petitioner's argument that his 42 U.S.C. § 1983 complaint tolled the statute of limitations under 2244(d) because the civil

With tolling, the limitations period would have expired by September 19, 2011, and the habeas petition filed on November 1, 2011, would be out of time. Consequently, the Court should grant the Respondents' motion for summary judgment.

## Notice of the Right to Object

The parties can object to the present report. To object, the party must file an objection with the Clerk of this Court by March 26, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Status of Referral

The referral is discharged.

Entered this 8th day of March, 2012.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

rights suit was not an "'application for State post-conviction or other collateral review'" (citation omitted)), *appeal dismissed*, 214 Fed. Appx. 816 (10th Cir. Jan. 29, 2007) (unpublished op.).