IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA MICHAEL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JUSTIN JONES, Director, O.D.O.C., and )<br>MILLICENT NEWTON-EMBRY, Warden, )<br>M.B.C.C. )<br>)<br>Respondents. ) | Case No. CIV-11-1294-D |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 13], issued by United States Magistrate Judge Robert Bacharach pursuant to 28 U.S.C. § 636(b)(1). Judge Bacharach recommends that Respondents' Motion to Dismiss, which is treated as a motion for summary judgment, be granted based on the untimeliness of the Petition. Within the time period for objections, Petitioner, a state prisoner appearing *pro se*, has filed a "Motion for Joinder of Claims" [Doc. No. 14] and a "Motion for Equitable Tolling" [Doc. No. 15]. Liberally construed, the Court understands these motions to be written objections to the recommended disposition of the Petition. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks a writ of habeas corpus regarding a disciplinary conviction. For reasons explained in the Report, Judge Bacharach finds that the Petition is time-barred by operation of the Anti-Terrorism and Effective Death Penalty Act, specifically, the one-year time limitation of 28 U.S.C. § 2244(d). Liberally construing Petitioner's *pro se* objections, the sole issues are whether

Judge Bacharach correctly determined that Petitioner has not shown a basis for equitable tolling and, alternatively, if equitable tolling is not available, whether Petitioner's habeas claims should be joined with similar claims previously asserted in a pending civil rights action under 42 U.S.C. § 1983, *Michael v. Newton-Embry*, Case No. CIV-10-1064-F, Complaint (W.D. Okla. Sept. 29, 2010).

Upon *de novo* consideration of the first issue, the Court finds that Judge Bacharach's analysis is correct. Petitioner's decision to file a civil rights complaint rather than a habeas petition is not an "extraordinary circumstance" that "stood in [her] way and prevented a timely filing." *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation omitted).[1] The law is clear that a lack of legal knowledge or assistance is not a basis for equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Turning to Petitioner's alternative request that the Court order consolidation of the two cases, the Court declines to address a novel issue raised for the first time in objection to a magistrate judge's report. *See supra* note 1. Further, Petitioner's request is supported only by inapposite legal authority. Even with legal support, the Court would decline to grant Petitioner's belated request. The case record in the civil rights case reflects that Judge Bacharach has already issued a report and recommendation in that case as well, recommending that summary judgment also be granted to the defendants in that case. *See Michael v. Newton-Embry*, Case No. CIV-10-1064-F, Report & Recom. (W.D. Okla. April 9, 2012).

For these reasons, and those stated by Judge Bacharach, the Court adopts the Report and Recommendation [Doc. No. 13] in its entirety.

---

[1] Petitioner also argues that her untimeliness should be excused because she is "actually innocent" of the menacing charge, citing *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000). The Court declines to consider this new assertion raised for the first time in objection to a magistrate's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). In any event, Petitioner has not met the stringent requirements of the actual innocence exception. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. This rule may apply to a § 2241 petition, for which a COA is required. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds this standard is not met in this case.

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss [Doc. No. 9], treated as a motion for summary judgment, is GRANTED. Respondents are entitled to summary judgment on the ground that the Petition under 28 U.S.C. § 2241 is time barred. Judgment will be entered accordingly, and a COA will be denied.

IT IS SO ORDERED this 10th day of May, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE